GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
JOHN F. HAYDEN ET AL.

Decided April 3, 1902.

**1.—Pleading—Defects in Machinery—Particularity.**

In an action by parents to recover for negligence causing the death of their son while employed in operating a lathe machine, plaintiff's pleading containing general allegations of defects in the machinery, with an averment that the specific defects were unknown to plaintiffs, was sufficiently specific.

**2.—Master and Servant—Defective Appliances.**

Where the evidence showed that the starting of the machinery, by which the injury was occasioned, could have been caused only by the act of some person or by defects in the machinery, and that no person did start it, this warranted a finding that the moving cause was some defect, although the particular defect was not shown.

**3.—Same—Duty of Inspection—Assumed Risk.**

Where the defect was of a kind such as required an inspection, made for the purpose of ascertaining the condition of the machinery, to disclose its existence, the duty of inspection rested upon the master, and the servant,

although an experienced operator, did not assume the risk. See evidence of casual inspection held not to relieve the master of negligence.

**4.—Same—Assumed Risk—Evidence—Issue for Jury.**

Where a witness for plaintiffs testified that before the accident deceased told him the machinery was out of order and he had asked the inspector to have it fixed, and the inspector testified that no such complaint and request had been made to him, this did not require the court to instruct that the deceased had assumed the risk and the question was properly one for the jury.

Appeal from Dallas. Tried below before Hon. T. F. Nash.

*J. W. Terry* and *Alexander & Thompson,* for appellant.

*Finley, Etheridge & Knight,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—Finley Haden, a young man 24 years of age, was an employe of the Gulf, Colorado & Santa Fe Railway Company, and worked in its machine shops at Cleburne. He was operator of a lathe machine and was a skillful and experienced workman. The power to run the machinery came from the main shaft overhead and was transmitted by means of a belt. The belt encircled the main shaft and a smaller shaft attached to the machine. There were two pulleys on one of the shafts, one of them being loose and the other tight. When the belt was on the tight pulley the machine was in operation; when it was on the loose pulley the machine was at a standstill. A shifter was provided by means of which the operator could, at his pleasure, shift the belt onto either pulley and thus control the operation of the machine. On September 19, 1899, Haden was at work and found it necessary to change the gearing of the machine. For that purpose he shifted the belt onto the loose pulley and thereby brought the machine to a standstill. While engaged in changing the bearing the belt somehow got back on the tight pulley and started up the machine. Haden's left hand was caught in the machine and badly mangled. He died on October 9, 1899, from the effects of the injuries so received. The appellees, who are his father and mother, brought this suit to recover the damages sustained by them on account of his death. They obtained judgment and the railway company has appealed.

Appellant excepted to the petition on the ground that the same does not aver with sufficient certainty what defect, if any, existed in the appliances provided by the defendant, but the allegations appear to involve a conclusion of the pleader as distinguished from the facts; and the allegations are insufficient to apprise defendant as to what defect was relied upon. The petition contained the following averments: "Plaintiffs charge that the said lathe machine, its attachments, apparatus, etc., affecting and controlling its operation were defective, insufficient, out of repair, improperly constructed, and otherwise unsuited and unsafe for the purpose for which they were designed; that it was designed when said machine was brought to a standstill and its motion and operation ceased by means of the attachments and the apparatus provided therefor, that

the same would remain out of motion and at a standstill until it should be put in motion by intelligent design and by means of shifting the belting from the loose to the tight or immovable pulley as aforesaid; but plaintiffs charge that by reason of the fact that some of these attachments were defective and out of repair, improperly hung or loose in some parts thereof, that the belting after it had been removed by the said Richard Finley Haden from the tight pulley onto the loose pulley, and while he was engaged in changing the gearing of said lathe machine, that the said belting by means of some defect in the attachments and apparatus of the machine as aforesaid, was shifted and said machine suddenly started in operation unexpectedly to the said Richard Finley Haden, without any act on his part putting said machine in motion, and without any act on the part of any other person putting said machine in motion, and that the said machine starting into motion under said circumstances was the result of defects in the apparatus and appliances, and that the defendant company was guilty of negligence in furnishing to said Richard Finley Haden machinery so defective and which was dangerous and subjected him to unnecessary peril in the faithful and careful discharge of his duties as employe of the said defendant. That the specific defects in said machinery are unknown to plaintiffs, and for this reason they can not more particularly allege such defects in the machinery." We are of opinion that the alleged defects in the machine and its appliances were averred with all the particularity which ought to be required in this case. The situation of plaintiffs precluded them from making more specific allegations, and those made were sufficient to inform the defendant, with reasonable certainty, of the facts which were relied on to show negligence. The allegations concerning the manner in which the accident occurred and the principle upon which the machinery was constructed and operated, showed that the accident was attributable to some defect in the machine, or its appliances, which were unknown to Haden, and which the plaintiffs could not ascertain more definitely than was stated in their petition. The machinery was in the possession and under the control of defendant. The demurrer was properly overruled. Railway v. Brinker, 68 Texas, 500.

Appellant contends that the evidence is not sufficient to show that the machine or its appliances were defective, or, if defective, that it was chargeable with negligence on account of the machinery being in such condition. The evidence shows that when such machine was properly constructed and in proper repair, the operator thereof could, when he desired to do so, bring the same to a standstill by shifting the belt onto the loose pulley; that when a machine so constructed and in good repair was properly stopped by the operator it would remain at a standstill until started by some one; that by the use of ordinary care such machine and its appliances could be kept in good condition. The evidence warrants the further conclusion that on the occasion of the acident Haden properly shifted the belt, and that the machine was not started in motion by any act of his or by a failure on his part to use due care

in stopping the machine or in working with it after it was stopped. The machine was not started by the act of any other person. It could have been started in motion by only two causes, (1) the failure of Haden to properly shift the belt, and (2) some defect in the machine or its appliances. The verdict of the jury, which is sustained by the evidence, excludes the theory that it was started in motion by reason of Haden's want of care in shifting the belt, and it inevitably follows that the moving cause was some defect in the machinery. The evidence warrants the finding that the injury to Haden was caused by the negligence of appellant. Railway v. Lauricella, 87 Texas, 279; McCray v. Railway, 89 Texas, 170; Railway v. Wood, 63 S. W. Rep., 164; Railway v. Johnson, 65 S. W. Rep., 388; Thiel v. Kennedy, 84 N. W. Rep., 657; Hewser v. Railway, 30 Atl. Rep., 907; Railway v. Cooper, 38 Law. Rep. Ann., 637. To the same effect are the cases of Railway v. Bailey and Street Railway v. Broadhurst, recently decided by this court and not yet reported.

Appellant introduced evidence tending to show that it had used due care to keep the machinery in good repair The inspector testified that he had continually looked over it and discovered no defects therein. It is significant, however, that he admitted that he did not make a minute special inspection of it. He appears to have daily looked at the machine when it was in operation, and, observing no defect, concluded that it was in good condition. An examination of the shafts, pulleys, belt, and shifter, with a view of ascertaining whether the same were in proper condition and repair, as regarded the starting and stopping of the machine, appears not to have been made. The evidence warrants the conclusion that appellant, by the exercise of ordinary care, could have discovered the defect and remedied same in time to have averted the accident.

Appellant contends that under the uncontradicted evidence it ought to be held, as a matter of law, that Haden assumed the risk which occasioned his injury. The evidence shows that the machine and its appliances were open to the view of the operator thereof, and that Haden had worked as operator about seven weeks. He understood the operation of the machine and did not know of any defect therein. The company's inspector, who should have known more than anyone else of the condition of the machinery, did not discover the defect. It seems that the defect was of such a character as required an inspection, made for the purpose of ascertaining the condition of the machinery, to disclose its existence. The duty of inspection rested upon the company and not upon Haden. The jury was justified in finding that Haden did not know of the defect and never assumed the risk, and that the company ought to have discovered the defect and was guilty of negligence in not doing so and in failing to repair the machinery. Appellant owed to Haden the duty to use ordinary care to have the machinery with which he was required to work in a reasonably safe condition, and he had the right to assume that the duty had been performed.

The appellees took and used the deposition of John Hogg. On cross-

examination he stated that Haden told him before the accident that the machine would start up occasionally and that he (Haden) had asked Strehorn, the inspector and foreman of the shops, to have it fixed. Appellant insists that this evidence was not controverted and shows conclusively that Haden knew of the defect, and therefore assumed the risk. Strehorn testified that Haden never made any such complaint to him. This testimony tended strongly to impeach the credibility, or at least the recollection, of the witness Hogg. If Haden made the statement attributed to him by Hogg, and Strehorn is to be believed, then part of Haden's statement was gratuitously untrue. Such conduct on his part would be inconsistent with his character and actions. It was impossible for the appellees to prove by direct evidence that Haden did not make the statement to Hogg, as Haden was dead and there appears to have been no witnesses to the conversation except the parties to it. The only part of the statement which it was possible to contradict was that relating to the complaint made to Strehorn, and the fact that no such complaint was made was shown. None of the circumstances attending the making of the alleged statement to Hogg were proven. Evidence of the making of such statement under the conditions shown will be received with great caution. We think the trial court properly left the question to the jury for decision, and that the finding of the jury against the contention of appellant is conclusive.

The charge of the court fully and correctly submitted to the jury all the issues raised by the pleadings and evidence. We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.