LANE & BODLEY COMPANY v. CITY ELECTRIC LIGHT AND
WATERWORKS COMPANY.

Decided February 14, 1903.

**1.—Pleading—Certainty—Defect in Machinery—Breach of Warranty.**

Where the answer in an action for the price of an engine alleged that the engine was warranted first class in its workmanship and operation, but that it did not work perfectly, stating in what respect, and that defendant was unable to discover the defect, this was sufficient as showing such certainty as the nature of the case was susceptible of.

**2.—Foreign Corporation—Permit—Interstate Commerce.**

Where a foreign corporation sues here upon a transaction constituting interstate commerce it is not required to allege and prove that it has a permit to do business in this State.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

*H. G. Evans,* for appellant.

*R. M. Rowland,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellant sued to recover on a promissory note for $661, executed by appellee in part consideration for an engine. The note provided for interest and 10 per cent attorney's fees, and a lien was given to secure said note, and a foreclosure was prayed for. Defendant admitted the execution of the note and lien, but reconvened for damages, alleging failure of engine to comply with contract. Judgment was rendered for the plaintiff for $100, from which judgment plaintiff appeals.

The plaintiff excepted to defendant's answer on the ground that it did not sufficiently point out the defects in the machinery, and did not allege in what respect it did not comply with the contract. This exception was overruled, and error is here assigned thereon. The part of the answer pertinent here, reads: "That plaintiff agreed and warranted in said contract to deliver to defendant an engine fitted with all the latest improvements and of good material and first-class workmanship, and one that would run smoothly, without noise or jar, or undue heating in any of the journals, and to be first class in every respect. That plaintiff at the time of the signing of the said contract knew the purpose for which plaintiff was buying it, and the use it was to be put to. That the engine delivered by plaintiff to defendant did not comply with said contract; was not of good material and first-class workmanship; did not run smoothly, without noise or jar, and was not first class in every respect. That because of some defect in construction or material the nature of which defendant has been unable to discover, the speed and power of the engine were irregular and could not be regulated,

causing an unnecessary waste of fuel and water, and causing the electric lights to vary greatly in brightness or intensity, sometimes being very bright, sometimes medium, and sometimes going nearly or quite out. That the —— were made of common casting when they should have been made of steel. That if the engine had been according to contract, one and three-fourths cords of wood and 3000 gallons of water per night would have been sufficient to run the machinery and do all the work required, but with this engine it was necessary to consume two cords of wood and 4000 gallons of water per night, and even then the speed of the engine was very irregular, causing irregularities in the lights as aforesaid." The exception was properly overruled. The allegations of the petition point out with particularity in what respect the machinery failed to perform the function for which it was contracted to properly perform, and alleges that defendant was unable to discover the defect. The pleader is only required to plead with that certainty that the nature of the case is susceptible of. If the defect could not be discovered, the party should not be deprived of his right on that account. The plea was sufficient. Railway Co. v. Haden, 29 Texas Civ. App., 280, 68 S. W. Rep., 530. This case is a fair illustration of the justness of this rule. The evidence shows that the engine would not perform properly the functions the vendors warranted it to perform, and the particular defect in construction that caused the failure to perform could not be discovered, not only by defendant, but by two parties sent by plaintiff to remedy the defect.

The second and only other assignment of error attacks the verdict for want of evidence to support it. There is no merit in this assignment. The evidence is amply sufficient to show that the machine did not comply with the contract, and that plaintiff sustained the amount of damages awarded by the verdict.

Appellee presents cross-assignment of errors which require our consideration. It is contended that plaintiff alleges that it is a foreign corporation, but fails to allege and prove that it has a permit to do business in this State, and therefore plaintiff was not entitled to sue and recover anything on the note. This assignment is not well taken. There is nothing in the pleadings or proof to show that plaintiff was of that class of corporations that came within the purview of the statute and required to secure a permit. The facts show a single transaction. Under the contract the machine was to be delivered "f. o. b. cars" Cincinnati, Ohio. As far as the evidence shows the transaction was interstate commerce, and plaintiff had the right to sue. It is only in those cases where foreign corporations are required to secure permit under the statute that they are required to plead and prove the securing of a permit before they can maintain an action. This is not such a case.

Defendant complains of the judgment for allowing 10 per cent attorney fees on the amount of principal and interest of the note. This was error. Plaintiff was only entitled to attorney's fees on the differ-

ence between the amount of the note, principal and interest, and the amount of damages found in favor of the defendant. The difference between these was $25.09. Ten per cent attorney's fees on this amount is $2.50, making the amount plaintiff was entitled to recover $27.59 instead of $100.

The judgment will be reformed in this particular and affirmed.

*Reformed and affirmed.*