## J. G. Chapman v. Hallwood Cash Register Company.

### Decided April 10, 1903.

**Foreign Corporation—Permit to Do Business—Pleading—Fundamental Error.**

Since corporations are mere creations of the local law, having no legal existence beyond the sovereignty where created, and since the Texas statute requires that foreign corporations for pecuniary profit, except as thereinafter provided, transacting business in this State, must file with the Secretary of State a certified copy of their articles of incorporation, and that no such corporation can maintain any action here until it has so filed such articles, an Ohio corporation, on instituting a suit on a contract made within this State must allege in its petition a compliance with the provisions of the statute, or show that it is within one of the exceptions, and a judgment in favor of such corporation upon pleadings deficient in this respect, is fundamental error. Rev. Stats., arts. 745, 746.

Error from the County Court of Dallas. Tried below before the Hon. E. S. Lauderdale.

*Henry & Henry,* for plaintiffs in error.

*Bell & Seay,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the Hallwood Cash Register Company against J. G. Chapman to recover the contract price for one cash register. The petition alleged in substance that the plaintiff is a corporation duly incorporated under the laws of the State of Ohio and has an office in the city of Dallas, Dallas County, Texas, and that defendant is a citizen of Travis County, Texas; that the defendant ordered and directed the plaintiff to ship to him one cash register, describing same, to be delivered f. o. b. cars at Austin, Texas, for which defendant agreed to pay $220, as follows: $25 cash on delivery of said cash register and $15 each month until the balance was paid; and to execute his notes for such deferred payments, said notes to provide for interest and attorney's fees. It was further stipulated that all sums of money to be paid by defendant were to become due and payable at Dallas, Dallas County, Texas. It was alleged that the plaintiff shipped and delivered the said cash register· as provided by the contract, but that defendant, though requested, had failed and refused to pay the $25 cash and execute his notes for the deferred payments. Plaintiff prayed judgment for its debt, principal, interest and attorney's fees.       ·

The defendant, having been duly cited, answered by general exception and general denial filed March 5, 1900. On the 16th day of June, 1902, a judgment was rendered for plaintiff for the amount claimed, the judgment reciting that defendant failed -to appear and defend, although he had filed his answer. No motion for new trial or statement of facts was filed. On the 10th day of November, 1902, the defendant sued out a writ of error to this court.

It is contended by the plaintiff in error that the petition shows that the defendant in error was and is a foreign corporation incorporated under the laws of the State of Ohio, and that the petition failed to allege that at the time the contract sued upon was made, or at any time thereafter, plaintiff corporation had filed its articles of incorporation, as required by the statutes of the State of Texas, in the office of the Secretary of State for the purpose of securing a permit to transact business in this State, or that defendant has such a permit, and for this reason it would not support a judgment. The corporation, being a mere creation of the local law, can have no legal existence beyond the sovereignty where created. It must dwell in the place of its creation, and can not migrate to another sovereignty. Bank of Augusta v. Earl, 13 Peters, 519. The recognition of its existence by other States, and the enforcement of its contracts made therein, depend purely

upon the comity of those States. The doctrine of comity will not be extended where the existence of the corporation or the exercise of its powers are prejudicial to the interests of the State or repugnant to its policy. As stated in the case of Paul v. Virginia, 8 Wallace, 181: "Having no absolute right of recognition in other States, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those States may think proper to impose. They may exclude the foreign corporation entirely; they may restrict its business to particular localities; or they may exact such security for the performance of its contracts with their citizens as, in their judgment, will best promote the public interests. The whole matter rests in their discretion." The views expressed by the Supreme Court of the United States in the above case have been approved by this court and by the Supreme Court of the State. Huffman y. Western Mortgage and Investment Co., 13 Texas Civ. App., 169; 36 S. W. Rep., 306; Franco-Texan Land Co. v. Laigle, 59 Texas, 339. This State has, by statute, prescribed the terms upon which foreign corporations created for pecuniary profit may transact business in this State. The statute (Rev. Stats., art. 745) provides that: "Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any Territory of the United States, or of any municipality of such States or Territory, or of any foreign government, sovereignty or municipality, desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State, shall be and the same is hereby required to file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon the Secretary of State shall issue to such corporation a permit to transact business in this State." By article 746, Revised Statutes, it is provided, in effect, that no such corporation can maintain any suit or action in any of the courts of this State unless it has filed its articles of incorporation in the office of the Secretary of State for the purpose of securing its permit. Our Supreme Court have held that this statute must be complied with and that a foreign corporation must plead and prove that it has obtained a permit to entitle it to judgments in the courts of this State. Taber v. Loan Co., 91 Texas, 92. It has been held by the Supreme Court of the United States that there are two exceptions to the right of a State to prescribe terms upon which a foreign corporation shall be permitted to transact business therein—one being that the corporation is engaged in interstate commerce, and another where the corporation is in the employ of the general government. Mining Co. v. New York, 143 U. S., 314. A further exception is made by our statute in that it is stipulated that its provisions are not to apply to railway corporations. The statutory rule is, that all foreign corporations created for pecuniary profit must file their articles of incorporation in the office of the Secretary of State and procure a permit to do business in this State. If for any reason a foreign

corporation suing as plaintiff is excepted from the rule, it should set out the facts showing that it comes within one of the exceptions. Miller v. Goodman, 91 Texas, 41; Allen v. Buggy Co., 91 Texas, 22. This the petition in this case does not do. It does not show that the transaction between the parties was interstate commerce. The petition shows that the plaintiff corporation has an office in Dallas, Dallas County, Texas, and that the consideration for the sale of the cash register was payable at its office in Dallas, Texas. We conclude that the petition did not entitle plaintiff to recover, and the action of the court in rendering judgment thereon in favor of plaintiff was fundamental error. Taber v. Loan Co., supra.

In the case of Lane v. Waterworks Co., 6 Texas Ct. Rep., 889, the petition on its face showed that the transaction was interstate commerce. In the case of Brin v. Shirt Co., 43 S. W. Rep., 295, the petition was treated as showing that the transaction out of which the suit grew was interstate commerce. While there may be expressions in the opinions in those cases which seem to be in conflict with this case, yet, when the facts are considered, the holding in those cases is in line with this. The exact point here decided was not raised in those cases.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*