GEORGIA ANN LEWIS v. TEXAS & PACIFIC RAILWAY COMPANY.

Decided November 19, 1909.

**1.—Contributory Negligence—Pleading.**

Unless plaintiff's own case as developed by him supports an inference of contributory negligence, it is a matter of defense which must be pleaded to entitle the issue to be submitted.

**2.—Same—Cross Examination.**

The fact that evidence supporting an inference of contributory negligence is drawn out on cross-examination of plaintiff's witnesses does not entitle the issue to be submitted where no such defense was pleaded.

**3.—Contributory Negligence—Choosing the More Dangerous Method.**

The mere fact that a certain method of doing work was adopted by the party injured thereby instead of another method which was available and would have prevented the injury, does not render such act contributory negligence as matter of law.

**4.—Same—Charge.**

It was error to charge that the selection by the servant of a method of doing work which resulted in injury, when another which would have prevented the injury was available, would preclude recovery, unless the way selected was so *obviously hazardous as to* require the inference of contributory negligence to be drawn by the court as matter of law; otherwise the inference is one of fact to be left to the jury.

**5.—Assumed Risk—Pleading.**

That the injured person had knowledge of defendant's negligence and the dangers therefrom, and hence assumed the risk, is matter of defense which should be pleaded to entitle the issue to be submitted.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*M. B. Parchman* and *C. E. Carter,* for appellant.—Contributory negligence was not pleaded and not in issue. Perez v. San Antonio & A. P. Ry. Co., 28 Texas Civ. App., 255, and authorities; International & G. N. Ry. Co. v. Wray, 43 Texas Civ. App., 380; Trout v. McQueen, 62 S. W., 928; Chicago, R. I. & P. Ry. Co. v. Stillwell, 46 Texas Civ. App., 647; Smith v. Heitman. Co., 44 Texas Civ. App., 358; Galveston, H. & H. Ry. Co. v. Alberti, 47 Texas Civ. App., 32; Missouri, K. & T. Ry. Co. of Texas v. Foster, 87 S. W., 879.

The charge as to choice of dangerous method was on the weight of evidence. Ball v. City of El Paso, 5 Texas Civ. App., 221; Denham v. Lumber Co., 73 Texas, 78; Railway Co. v. Briggs, 4 Texas Civ. App., 515; Railway Co. v. Long, 4 Texas Civ. App., 497; Railway Co. v. Grosscamp, 69 Texas, 547; Railway Co. v. Hill, 71 Texas, 459; Railway Co. v. Lee, 70 Texas, 501; Calhoun v. Railway Co., 84 Texas, 229; Railway Co. v. Murphy, 46 Texas, 367; Perez v. San Antonio & A. P. Ry. Co., 28 Texas Civ. App., 255.

The servant may assume that the master was not negligent.  Taylor, B. & H. Ry. Co. v. Taylor, 79 Texas, 104; Houston & T. C. Ry. Co. v. McNamara, 59 Texas, 255; Railway Co. v. Dunham, 49 Texas, 181; Southern Pac. Ry. Co. v. Markey, 19 S. W., 393.

*F. H. Prendergast,* for appellee.—Where some or all the facts showing contributory negligence appear from the plaintiff's case defendant does not have to plead it.  Missouri Pac. Ry. Co. v. Foreman, 73 Texas, 318; Gulf, C. & S. F. Ry. Co. v. Scott, 27 S. W., 827.

HODGES, Associate Justice.—The appellant is the widow of Charles Lewis, who is alleged to have been killed while in the employ of the appellee railway company by reason of the negligence of the company in not furnishing him a safe place in which to perform his labors.  She sues for damages in the sum of $1990.  The testimony shows that Lewis was employed about the shops of the railway company in the city of Marshall; that it was a part of his duty to carry engine pilots from a place in the yard into the shops, where they were put upon engines.  He was furnished for that purpose a two-wheeled vehicle, the wheels of which were about two or three feet high.  The pilots were placed upon this vehicle and were by the men carried into the shop and were unloaded at places where they were to be used.

On the occasion of the injury complained of Lewis was working with two other employes, James Love and Will Jackson.  According to the testimony of these witnesses, they had carried a pilot from the yard into the shop, and when they got to the place where it was to be unloaded the deceased got up on the vehicle and attempted to pull the pilot over.  His first effort resulted in failure.  The second, however, caused the pilot to come over toward him, and as he stepped back one of his feet landed upon an iron bolt about seven-eighths of an inch in diameter and about two feet long, which was lying on the floor near the trucks.  This bolt, it seems, rolled or slipped and caused Lewis to lose his balance and fall, and the pilot fell over on top of him, causing the injuries from which he died.  Both witnesses testified that this was the usual method of unloading the pilots.  On cross-examination they stated that they did at times unload by raising the tongue and permitting the pilot to fall off.  But it seems that they regarded the method adopted on this occasion as being easier and preferable.  They also on cross-examination testified that there was a crane provided by the railway company for such purposes, which was some little distance away—eight feet, as stated by one of them.  Why they did not use this crane does not clearly appear in the record.  The case was tried before a jury, and a verdict rendered in favor of the railway company.

Complaint is made at the giving of charges on contributory negligence.  The first of these charges is as follows:  "Again, if you believe from the evidence that there was several ways to remove the pilot from the wagon or trucks some of which were safer or less hazardous than others and that Lewis knew of these ways and he voluntarily took the more dangerous or hazardous way in which to

remove the pilot from the trucks then you will find for the defendant." It is claimed that this submits an issue not raised by the pleadings, and is also on the weight of the evidence. We think the charge is subject to both objections. The defendant pleaded only a general demurrer and a general denial. Neither the pleadings nor the evidence of the plaintiff suggested any conduct that exposed the deceased to the charge of contributory negligence so as to make this defense available to the defendant without having pleaded it. It is true there was some testimony tending to show that there were other ways by which the pilot might have been unloaded, and which were probably safer than the one adopted on this occasion; but this evidence was elicited on cross-examination, and did not appear from the testimony offered by the plaintiff in the case. The fact that it was given on cross-examination by witnesses who had testified for her did not make it her evidence. Where neither the pleadings nor the evidence of the plaintiff develops contributory negligence it must be pleaded to become available as a defense. Missouri Pac. Ry. Co. v. Watson, 72 Texas, 633, 10 S. W., 731; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 6, 11 S. W., 125; Perez v. San Antonio & A. P. Ry. Co., 28 Texas Civ. App., 255, 67 S. W., 137. We are also of the opinion that this charge invaded the province of the jury. The mere fact of selecting the more dangerous of two or more ways of doing a given act does not as a matter of law constitute contributory negligence. It is still a question for the jury unless the facts proved show the selection of a method obviously more hazardous and under circumstances such as would justify the court in concluding as a matter of law that no person of ordinary prudence would have adopted it.

The court also gave the following charge, which is complained of: "Again, a person can not recover damages from another on account of injuries occasioned by his own negligence or want of care to which his own negligence contributed, and it is the duty of every person to use his senses of sight, hearing and other senses to protect himself from danger, and to exercise in doing this such a degree of care as an ordinary person would exercise under the same circumstances; and if you believe from the evidence in this case that the deceased knew of the bolt lying upon the floor, if you find it was on the floor, or could have known of the same by the exercise of ordinary care and have avoided stepping upon same and the injury which might result therefrom and failed to do so, and that said failure, if any, caused or contributed to cause his injury and death, then you will find for the defendant, and this, although you should believe the defendant was negligent in the first instance in permitting the bolt to remain upon the floor where it might cause injury." This presented the issue of assumed risk from a knowledge of the conditions which caused the injury. The burden of proving such knowledge rested upon the appellee. The appellant not having pleaded this defense, the court should not have given this charge. International & G. N. Ry. Co. v. Harris, 95 Texas, 346, 67 S. W., 315; Missouri, K. & T. Ry. Co. v. Jones, 35 Texas Civ. App., 584, 80 S. W., 852.

For the errors discussed, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*