ADAMS v. GRAY & DUDLEY HARDWARE
CO.

(Court of Civil Appeals of Texas. Texarkana.
Jan. 23, 1913. On Motion for Rehearing, Feb. 13, 1913.)

CORPORATIONS (§ 672*) — FOREIGN CORPORATIONS—ACTIONS—ALLEGATIONS OF PETITION.

A petition alleged that plaintiff was a Tennessee corporation, with its principal offices in Nashville, in that state, and that on the dates named plaintiff, at defendant's request, sold and delivered to him certain goods, in consideration whereof defendant agreed to pay plaintiff the several sums charged in the account, which was attached, and preceding the items of the account was the corporation's name and business, followed by a recital: "Nashville, Tenn., 6/14/11. Sold to A., Tyler, Texas. Itemized Statement." Held, that the petition showed that the sales were made in Tennessee, so that the transaction was interstate commerce; and hence the petition need not show that plaintiff corporation had procured a permit to do business in Texas.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by the Gray & Dudley Hardware Company against James R. Adams. From a judgment for plaintiff, defendant appeals. Affirmed.

Price & Beaird, of Tyler, for appellant.
Lasseter & McIlwaine, of Tyler, for appellee.

WILLSON, C. J. In its petition appellee, the plaintiff below, alleged that it was a corporation under the laws of Tennessee, and that its principal office and place of business was in the city of Nashville, in said state. It then alleged "that on or about the 21st day of April, 1910, and on divers and sundry dates thereafter, plaintiff, at the special instance and request of the defendant, sold and delivered to him at the several times specified in the account hereto attached, marked 'Exhibit A,' and made a part hereof, certain goods, wares, and merchandise in said account mentioned, in consideration whereof the defendant then and there agreed and promised to pay to plaintiff the said several sums of money charged therefor in said account specified," etc. The account attached to the petition was itemized, and verified as permitted by article 3712, Revised Statutes of 1911. Preceding the items thereof was the following: "Gray & Dudley Hardware Company, Manufacturers and Jobbers of Hardware and Cutlery, Nashville, Tenn., 6/14/11. Sold to Jas. R. Adams, Tyler, Texas. Itemized Statement." Appellant's answer to the petition consisted of a general demurrer, a general denial, and a plea of payment of a part of the sum sued for. The court overruled the demurrer, and, after hearing the evidence offered by the parties, instructed the jury to find in appellee's favor for the sum it sued for, and in accordance with such a finding rendered judgment in favor of appellee against appellant for the sum of $964.80, interest and costs.

Appellee having alleged that it was a foreign corporation, and not having alleged it had procured a permit to do business in this state, appellant insists the court below erred in overruling his demurrer to the petition, and in support of his contention cites Miller v. Goodman, 91 Tex. 41, 40 S. W. 718, Taber v. Loan Association, 91 Tex. 92, 40 S. W. 954, and Chapman v. Hallwood Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969. In the case first mentioned the suit was by the assignee of the foreign corporation. The Supreme Court held that the allegations of the petition showed the transaction made the basis of the suit to have been "of the character of interstate commerce"; and that it was not necessary that the plaintiff should have alleged that at the time thereof the corporation had procured a permit to do business in this state, as required by article 1314, Revised Statutes of 1911. It is obvious the case does not support appellant's contention. In the Taber Case the suit was on a promissory note, and to foreclose a lien on a lot in Ft. Worth, Tex., given to secure it, evidenced by a contract made in Texas. In its petition the loan company alleged that it was a corporation under the laws of Georgia, "with its principal office and place of business in Columbus, Georgia," and had "a branch office at Ft. Worth, Texas," and had secured a permit to do business in Texas. The point determined by the Supreme Court was that it devolved on the plaintiff to prove it had, as it alleged, obtained a permit to transact business in Texas. If it appeared, as we assume it did, that the transaction in question was not "of the character of interstate commerce," then the ruling was consistent with that made in the Miller Case, and is not authority for appellant's contention. In the Chapman Case the cash register company alleged, in its petition, that it was an Ohio corporation, and had an office in Dallas, Tex., and that it sold Chapman, a citizen of Travis county, Tex., a cash register, to be delivered by it f. o. b. cars at Austin, Tex., for $220, to be paid by him, $25 in cash and the remainder in monthly installments of $15 each. The installments were to be paid by Chapman at Dallas, Tex. The cash register company having recovered a judgment, on appeal it was insisted that, because the petition alleged the cash register company was a foreign corporation, and did not allege it had procured a permit to do business in Texas, it did not support the judgment. The Court of Civil Appeals said it did not appear "that the transaction between the parties was interstate commerce," and added: "The petition shows that the plaintiff corporation has an office in Dallas, Dallas county, Texas, and that the consideration for the sale of the cash register was payable at its office in

Dallas, Texas. We conclude that the petition did not entitle plaintiff to recover." It is not clear whether the conclusion reached by the court was based on a failure of the plaintiff to show by its allegations that the transaction was one involving interstate commerce, or on its showing by its allegations that it was not a transaction involving such commerce. If, as we assume is true, the court construed the effect of the allegations to be to show that plaintiff, through its Dallas office, contracted in Texas to deliver to Chapman in Texas a cash register, to be paid for at its office in Texas, and therefore that the sale was a Texas and not an interstate transaction, the ruling made does not help appellant. For the allegations in the petition here attacked are not capable of such a construction. On the contrary, we think, they indicate that the sale to appellant was made in Tennessee, and that the transaction was interstate, and therefore one to which said article of the statute did not apply. The case is like Brin v. Wachusetts Shirt Co., 43 S. W. 295, where it was held, on a similar state of facts alleged, that the petition was not subject to an objection urged on like grounds. And see Geiser Mfg. Co. v. Gray, 126 S. W. 610; Lane & Bodley Co. v. City Electric Light & Waterworks Co., 31 Tex. Civ. App. 449, 72 S. W. 425. We do not think the trial court erred in overruling the demurrer.

In the brief of appellant are assignments questioning the sufficiency of the evidence to support the judgment. As there is no statement of facts with the record, we must assume that the evidence was sufficient.

The judgment is affirmed.

### On Motion for a Rehearing.

Among the papers constituting the record we find a statement of facts overlooked when the record was first before us. The assignment complaining of the action of the court in instructing the jury to find for appellee, and the assignment attacking the judgment as without support in the evidence, therefore were entitled to consideration. We have considered same, and are of the opinion they should be overruled. Therefore the motion for a rehearing also is overruled.