MISSOURI, K. & T. RY. CO. OF TEXAS v. WHITSETT.   (No. 1602.)*

(Court of Civil Appeals of Texas. Texarkana. April 6, 1916. Rehearing Denied April 13, 1916.)

1. TRIAL ☞260(1) — INSTRUCTIONS — REPETITION.

A requested special charge need not be given; its substance being embraced in the general charge and in another special requested charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ☞260(1).]

2. NEGLIGENCE ☞117 — CONTRIBUTORY NEGLIGENCE—NECESSITY OF PLEADING.

Plaintiff's contributory negligence in failing to call in a consulting physician must be pleaded to entitle defendant to have an instruction submitting the question.

[Ed. Note.—For other cases see Negligence, Cent. Dig. §§ 195–197; Dec. Dig. ☞117.]

3. NEGLIGENCE ☞136(26) — CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence merely that plaintiff disregarded the suggestion of her attending physician to call a consulting physician is insufficient to raise the issue of contributory negligence, in the absence of evidence that a different result would have followed had this been done.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 286, 333–335, 338, 339, 342–345, 353; Dec. Dig. ☞136(26).]

4. APPEAL AND ERROR ☞1064(1)—HARMLESS ERROR—INSTRUCTIONS.

Where there can be no question but that, if defendant's omission was negligence, and brought on plaintiff's condition, it was the direct and responsible cause, and the important question is whether it was a cause thereof, any failure of an instruction to observe the distinctions between proximate and remote causes is unimportant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219; Dec. Dig. ☞1064(1); Trial, Cent. Dig. §§ 475, 525.]

5. NEGLIGENCE ☞140—INSTRUCTIONS—PROXIMATE.

In the instruction, "The 'proximate cause' of an injury * * * means an efficient cause, or that which in natural and continuous sequence unbroken by any new or intervening cause produces the injury," the words commencing with "or" are explanatory of what precedes, rather than a different definition of proximate cause.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 378–381; Dec. Dig. ☞140.]

6. DAMAGES ☞132(3) — PERSONAL INJURY — EXCESSIVE VERDICT.

Under evidence that, as a result of exposure to cold on defendant's train, plaintiff's facial nerves had become totally paralyzed; her mouth drawn to one side; she was unable to close her lips, so that in eating her food would sometimes escape; she was suffering from a mastoid abscess, to cure which would require a dangerous operation; her injuries were permanent; and she had suffered considerable pain—a verdict for $4,500 cannot be said to be excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 374; Dec. Dig. ☞132(3).]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by C. W. Whitsett against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Chas. C. Huff, of Dallas, and Dinsmore, McMahon & Dinsmore, of Greenville, for appellant. Yates, Sherrill & Starnes, of Greenville, for appellee.

HODGES, J. This appeal is from a judgment for the sum of $4,500 in favor of the appellee for damages resulting from personal injuries sustained by his wife while a passenger on one of the appellant's trains. It is alleged that the car in which the appellee's wife was riding was insufficiently heated, and that in consequence she contracted a cold, which finally produced paralysis of the left side of her face, and other injuries mentioned.

[1] The first error assigned complains of the refusal of the court to give a special charge which limited the jury to the consideration of the exposure to which the appellee's wife was subjected while a passenger on the appellant's train. In his general charge the court authorized a verdict for the plaintiff only in the event the injuries sustained resulted from the negligence of the railway company. In a special charge given at the request of the appellant the substance of this refused instruction was embraced. There was no occasion for its repetition.

[2, 3] The second and third assignments of error are based upon the failure of the court to submit the issue of contributory negligence resulting from the failure of the appellee and his wife to call in additional medical assistance. It is contended that the attending physician suggested additional medical advice, but that his recommendations were disregarded. In disposing of these assignments it is sufficient to say that there was no pleading upon which such an instruction could be based, and for that reason alone the court was justified in failing to submit that issue in his general charge, and in refusing the special charge requested by the appellant. Lewis v. Texas & Pacific Ry. Co., 57 Tex. Civ. App. 585, 122 S. W. 605, and cases there cited. Furthermore, the testimony, we think, was wholly insufficient to raise that issue. There is no evidence that a different result would have followed had other medical attention been procured.

[4, 5] The court gave the following as a part of his general charge:

"The 'proximate cause' of an injury, as that term is herein used, means an efficient cause, or that which in natural and continuous sequence unbroken by any new or intervening cause produces the injury, and without which it would not have occurred. In order to constitute proximate cause of an injury the act or omission complained of must be of such a nature that a very careful, cautious, and prudent person might anticipate that some injury might result therefrom."

The objection to this paragraph of the court's charge is that it is not clear, and would probably be understood to mean that "proximate cause" is either an efficient cause or a cause that in "natural and continuous sequence unbroken by any new or intervening cause" produced the injury. In other words, the objection is based upon the contention that the court submits two separate and distinct definitions of "proximate cause." It may well be doubted if these stereotyped definitions of "proximate cause" furnish juries any aid in determining that issue. In the case before us the important inquiry was, not whether the failure of the appellant to heat the car was the proximate or the remote cause, but whether it, in fact, was a cause of the injury. If that failure was the result of negligence, and brought on the conditions from which the appellee's wife suffered, there could be no question about its being the direct and responsible cause. There was no necessity for the jury to consider the refinements regarding the distinctions between proximate and remote causes. Moreover, we are inclined to the opinion that the second subdivision of the first sentence beginning after the disjunctive conjunction "or" was intended to be explanatory of that which preceded, rather than the giving of a different definition of "proximate cause." The charge was not subject to the objections made.

Other assignments attack the sufficiency of the evidence to sustain the verdict of the jury. It is unnecessary to enter upon a discussion of the testimony in detail, but a careful examination has convinced us that these assignments are without merit.

[6] It is also contended that the verdict of the jury, $4,500, is excessive. If the facts as testified to by the appellee's wife and other witnesses are true, the verdict was a reasonable one. There was testimony tending to show that she had suffered considerable pain; that as a result of her exposure to cold the facial nerves had become totally paralyzed, her mouth drawn to one side, she was unable to close her lips over her teeth, and in eating her food would sometimes run out of her mouth. It was also shown that she was suffering from a mastoid abscess, to cure which would require a dangerous operation. The testimony tended further to show that her injuries were permanent.

The assignment is overruled, and the judgment of the district court is affirmed.