SOUTHERN PAC. CO. v. DE LA CRUZ.
(No. 786.)

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1918. Rehearing Denied March 7, 1918.)

1. MASTER AND SERVANT ☾⁓276(3)—INJURY—DEFECTIVE TRIP HAMMER—SUFFICIENCY OF EVIDENCE.

Evidence in servant's action for injury from fall of trip hammer while not being operated, *held* sufficient to raise the issue of it being broken or worn.

2. MASTER AND SERVANT ☾⁓203(1)—INJURY—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

The issue raised by evidence of an employé choosing an unsafe way of doing work, when a safe, suitable, and convenient way is available, is only that of contributory negligence, and not of assumption of risk.

Harper, C. J., dissenting.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Robert de la Cruz against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Beall, Kemp & Nagle, of El Paso, for appellant. Geo. E. Wallace and W. S. Berkshire, both of El Paso, for appellee.

HIGGINS, J. Cruz brought this suit to recover damages on account of personal injuries alleged to have been sustained while working in the employ of appellant as a blacksmith helper in its shops at Tucson, Ariz. Plaintiff alleged that he was ordered and directed by one of defendant's employés who had authority to direct him to do a certain piece of work, and in order to perform the said work he was directed to use what is known as a "trip" or steam hammer, and in the exercise of due care for his own safety, while attempting to put the material which he was then using in a position to be struck by the hammer, by reason of the fact that the hammer was out of order, unsafe, and dangerous, same suddenly fell or gave way in such manner that his hands were caught by same and injured so that it became necessary to amputate one of his thumbs and the other thumb was mashed and injured; that the hammer, or some part or portion thereof, or some appliance thereof, was either broken, worn, or out of order to such an extent as to render the hammer and the use thereof unsafe, and thereby caused and permitted the hammer to move and fall voluntarily and without the application of the appliances which were used to move and control the hammer; that defendant was negligent in using and operating the hammer in such defective, unsafe, and dangerous condition, and in ordering and directing plaintiff to use the same when it was not reasonably safe.

Defendant answered by general denial, plea of assumed risk, and specially alleged that at the time plaintiff was injured he was in the employ of defendant, which was then and there an interstate railroad, and plaintiff was engaged in work directly connected with interstate commerce, and upon an instrumentality which was being used in such commerce, and in fact was engaged in such commerce, and that the Federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657-8665]) applied, and thereunder plaintiff assumed the risks and dangers occasioning his injuries. It further alleged that his injuries were due to his own negligence and not to the negligence of defendant.

By supplementary petition plaintiff alleged that on more than one occasion prior to the date of his injury, as well as immediately prior thereto, he informed the foreman of

defendant in charge of the shops where he was working that the hammer and its appliances were defective and dangerous, and that the foreman promised to repair same, and relying on such promise he continued at work with said defective machinery. It was agreed that the Federal Employers' Liability Act applied in the case.

The court instructed the jury to find for the plaintiff if they found that the hammer or some appliance thereof was broken, worn, or out of order so that it permitted the same to move or fall without the application of other appliances used to control the hammer, and that the defendant was guilty of negligence in so using the same, and such negligence was a proximate cause of the injury; and to find for defendant if it found that it used ordinary care to have and keep the hammer in a reasonably safe condition, or if plaintiff was negligent himself in using said hammer in the way that he used the same or placed his hands thereunder, and his own negligence, if any, was the only and sole cause of his injuries, or if defendant was negligent, but that the negligence of the defendant was not a proximate cause of plaintiff's injury, or if defendant was not negligent in the way substantially as alleged by plaintiff, or if the hammer was not defective or out of order. The jury was instructed, further, that though they might find that the hammer was defective, that under the law of assumed risks plaintiff could not recover, as he admitted that he knew of the defective condition of the hammer, unless they found that plaintiff reported the defect to the defendant or its foreman, and that the foreman promised or agreed to repair the hammer, and that plaintiff was thereby induced to continue the use of the same. The jury was instructed that in that event plaintiff would not assume the risk of using the hammer unless the danger was such that an ordinarily prudent person, situated as plaintiff was, would not have undertaken the risk.

Verdict was returned, and judgment rendered for $3,000. Plaintiff filed a remittitur of $600.

[1] It is first assigned as error that there was no evidence that the hammer was broken or worn, for which reason such issue should not have been submitted to the jury. The hammer was operated by a lever and is sustained by steam pressure. The testimony shows that the hammer had been raised and the lever set; that under such circumstances, if in good condition, it will not fall if, after being raised, it has stood for five minutes, and if it does do so there is some defect therein. There is testimony that it had been raised a few minutes before the accident, and that it then suddenly fell and struck plaintiff's hands. The plaintiff testified that the cylinder was clogged and caused it to stick. Under this state of facts the issue was raised and was properly submitted. Southern Pac.

Co. v. Evans, 183 S. W. 117; Railway Co. v. Hayden, 29 Tex. Civ. App. 280, 68 S. W. 530.

[2] At the time of the accident plaintiff was holding with his hands a piece of steel upon the base of the hammer. Defendant offered evidence to show that tongs were provided to use in holding same upon the base, and if he had used the same his hands would not have been injured. Upon this state of the evidence defendant contends that the court erred in its charge upon assumed risk for the reason that when an employer has provided safe, suitable, and convenient ways of doing the work, and the employè, knowing and appreciating the danger of doing the work in an unsafe way, selects such unsafe way and is injured in consequence thereof, he assumes the risks incident to doing the work in such unsafe way. It is apparent that the proposition advanced is not at all germane to the charge upon assumed risk as given by the court. The plaintiff's testimony showed that he had reported to defendant's foreman that the hammer was out of order, and that the foreman promised to repair the same, and directed him to continue his work with the same.

It is well settled that certain assurances given by the master to a servant, when relied upon by the latter, will render the doctrine of assumed risk unavailable to the master. The instruction given by the court upon assumed risk was upon that phase of the case, and had no relation to the consequence to the servant of adopting an unsafe way of doing his work when a safe way was available. If there was any error in the charge upon assumed risk, it was not in the particular urged by appellant. The proposition presented as showing error in such charge relates rather to the refusal of defendant's special instruction No. 2, the refusal of which is made the basis of the 3d, 4th, 5th, and 6th assignments. This charge reads:

"You are instructed that if you believe from the evidence that the defendant had provided for plaintiff's use tongs or pick-ups for the purpose of placing the iron in question under the hammer, and that such tongs or pick-ups were convenient to the plaintiff and suitable for use, and that had he used the same it would have been safe and no injury could or would have resulted to him in consequence thereof, but that he chose to place said iron in question under the hammer with his hands, and that same was an unsafe way to so place said iron under said hammer, and the danger of placing said iron under the hammer with his hands was open and apparent and such as he knew of or must necessarily have known of, then in such event, if you so find, you are instructed that plaintiff assumed the risk of so placing said iron under said hammer with his hands instead of using the tongs or pick-ups, and, in the event you so find, you will return a verdict in favor of the defendant, regardless of what you may think as to whether he did or did not make complaint to the foreman."

It is contended that this charge should have been given because the evidence presented the issue as to whether plaintiff chose an unsafe way of doing his work when a

safe, suitable, and convenient way was available, and if he did so he assumed the risk. The bill of exception taken to the refusal of this charge was thus qualified by the court: ·

"After the evidence was closed. and before the court had prepared its charge, as well as at the time special charge No. 2 was ·presented to the court, counsel for the defendant stated that they did not want the issue of contributory negligence submitted to the jury, and by reason of this statement of defendant's counsel the court did not submit to the jury the issue of contributory negligence."

Our courts in a number of cases have said that where there are two ways in which a servant may perform his work, one safe and the other hazardous, and he chooses that which was dangerous, from which choice his injury results, that in so choosing he assumes any risk of injury which may result from the performance of his work in the way chosen. ·Railway Co. v. Hynson, 101 Tex. 543, 109 S. W. 929; Railway Co. v. Mathis, 101 Tex. 342, 107 S. W. 530; Worden v. Kroeger, 184 S. W. 583. . On the other hand they have frequently referred to such conduct as constituting contributory negligence. Railway Co. v. Matthews, 100 Tex. 63, 93 S. W. 1068; Railway Co. v. Wall, 102 Tex. 365, 116 S. W. 1140; Railway Co. v. Samuels, 103 Tex. 59, 121 S. W. 121; Lewis v. Railway Co., 57 Tex. Civ. App. 585, 122 S. W. 605.

The citations given show that our courts sometimes have simply employed the phrase "assumed the risk" to express the conception of contributory negligence. The courts of many other states have done likewise; but, as is pointed out in 3 Labatt's M. & S. (2d Ed.) §§ 1219 to 1225, it is merely a matter of incorrect terminology. See, also, 2 Bailey on Personal Injuries (2d Ed.) §§ 354, 357, 366, 443, 459, 461, 469. Assumed risk and contributory negligence are distinct defenses, the doctrine of the former being founded upon contract, the latter being solely a matter of conduct. While these defenses have frequently been referred to and discussed without making any discrimination between them, since the enactment of the state and federal comparative negligence statutes, such discrimination frequently becomes very necessary. Carter v. Railway Co., 155 S. W. 643. In the case at bar, if plaintiff voluntarily chose the dangerous way of placing the iron upon the base of the hammer with his hands instead of using tongs or pick-ups, then he was simply guilty of imprudent conduct, which constituted contributory negligence rather than an assumption of the risk. Since defendant stated to the court that it did not wish the issue of contributory negligence submitted, the court properly refused the requested instruction. Such instruction would have authorized a verdict for defendant based upon evidence which convicted plaintiff of contributory negligence, and as to such negligence the doctrine of comparative negligence was applicable.

The remaining assignments question the sufficiency of the evidence to support the verdict and judgment; also that the verdict and judgment is excessive. They are regarded as being without merit.

Affirmed.

### On Rehearing.

Appellant is under the impression that its assignment complaining of the charge upon assumed risk was overruled because the subjoined proposition was not germane. The charge upon assumed risk was upon that phase of the case presented by the evidence showing that plaintiff knew of the defective condition of the hammer, but had reported the same to the foreman and had continued to use the .same upon the foreman's promise to repair same. This phase of the case is distinct from, and has no relation to, the consequence resulting from an employé doing his work in a unsafe way when a safe way was available, but the assignment was not overruled upon the technical ground that the proposition was not germane, but upon the ground, as stated, that the charge upon assumed risk was not subject to the objection which appellant urged. If there is any confusion in the opinion in that respect, we now hold that the assignment is overruled, because the particular principle of law which it anïnounces is not altered or affected by the fact that the servant in doing his work has selected an unsafe way when a safe way was available. This latter fact is controlled by an independent rule of law, regardless of whether the issue it presents relates to the question of assumed risk or contributory negligence.

This opinion is written to prevent any misapprehension arising that the court has disposed of the assignment indicated upon technical grounds rather than its merits.

HARPER, C. J. (dissenting). The objections to the charge upon assumed risk, as urged in the second assignment, are good, and the assignment should here be sustained for the reasons given. The special charge upon assumed risk requested and refused should have been given. The proof is paramount that a safe way to do the work was provided; tongs with which to handle the iron to be placed under the hammer. Appellee by his own testimony admits it. He further admits that he knew that the alleged defect in the hammer had not been repaired, because he testifies that he was working with the hammer at 7:30 a. m., and then notified the foreman of the defect, and again he notified him at about 11 a. m. and he worked on continuously with the hammer until hurt. Thus he admits that he knew that it had not been repaired, so greater is the reason for using the tongs instead of his hands.

The facts in this case are sufficient to be the basis of both assumed risk and of con-

tributory negligence, so the trial court was not excused from giving the requested charge upon assumed risk because defendant suggested that it did not care for a charge upon contributory negligence, nor was the defect in the main charge cured thereby. I therefore enter my dissent.