MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS. V. MILLIE A. WALL ET AL.

No. 1900.    Decided March 17, 1909.

**1.—Walking on Track—Contributory Negligence—Charge.**

Evidence in case of one killed while walking close to the rails by being struck by a train, held to raise the issue of his contributory negligence in voluntarily choosing a dangerous path in place of a safe one and to require the giving of a requested charge submitting that issue.    (Pp. 363–365.)

**2.—Same—Proximate Cause.**

Where one was killed by a train while walking too close to a railway track, if he was negligent in choosing such place to walk instead of another which was safe there could be no issue as to such negligence being a proximate cause of his injury nor necessity to qualify, by submitting the question whether it was so, an instruction submitting that of contributory negligence.    (P. 365.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Dallas County.

Millie Wall and others sued the railway company and had judgment, which was affirmed on defendant's appeal. The appellant then obtained writ of error.

*Cooke, Miller & Coke* and *Thomas & Rhea*, for plaintiff in error.— The Court of Civil Appeals erred in holding that the deceased, Albert Wall, was not guilty of contributory negligence proximately causing the accident which resulted in his death. Railway Co. v. Dean, 76 Texas, 74; International & G. N. Ry. Co. v. Edwards, 100 Texas, 22; Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63; Gulf, C. & S. F. Ry. Co. v. Wilkins, 32 S. W., 351; Houston & T. C. Ry. Co. v. Kauffman, 101 S W., 817; Bennett v. St. Louis S. W. Ry. Co., 36

Texas Civ. App., 459; Railway Co. v. Smith, 77 Texas, 179; Hughes v. Galveston, H. & S. A. Ry., 67 Texas, 595.

A party to a suit is entitled to have its defense affirmatively submitted when properly requested. Klatt v. Houston Electric St. Ry. Co., 57 S. W., 1112; Railway Co. v. Shieder, 88 Texas, 152; Railway v. McGlamory, 89 Texas, 165; Railway v. Rodgers, 91 Texas, 91.

If the special charges refused by the court and requested by the defendant were not technically correct, they were sufficient to call the court's attention to the issue and require of him to give a correct charge affirmatively submitting the question of contributory negligence. Kirby v. Estill, 75 Texas, 487; Railway v. Hodges, 76 Texas, 93; Freybe v. Tiernan, 76 Texas, 286; Railway Co. v. Webb, 20 Texas Civ. App., 431; Williams v. Emmerson, 22 Texas Civ. App., 522; Leeds v. Reed, 36 S. W., 348; San Antonio & A. P. Ry. Co. v. Horkan, 45 S. W., 391; Gulf, C. & S. F. Ry. Co. v. Hill, 58 S. W., 255; Neville v. Mitchell, 66 S. W., 579; Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Texas Civ. App., 486.

*Crawford & Crawford,* for defendants in error on contributory negligence, cited: Galveston, H. & S. A. R. R. v. Murray, 18 Texas Ct. Rep., 560.

Where the charge submitting an issue is general in its terms, but good as far as it goes, and the special charges requested and refused which group the facts are of themselves incorrect, no reversible error is shown. Texas Portland Cement & Lime Co. v. Lee, 36 Texas Civ. App., 482; Chicago, Rock I. R. R. v. Armes, 32 Texas Civ. App., 32.

It is proper to refuse an instruction to find for defendant if certain conduct on plaintiff's part was negligence, without regard as to whether such negligence contributed to the injury. Houston & T. C. R. R. v. Kelley, 13 Texas Civ. App., 1.

Mr. Justice Brown delivered the opinion of the court.

We adopt the following statement of the case and the facts from the opinion of the Court of Civil Appeals:

"On November 11, 1905, Albert Wall was struck and killed by one of appellant's engines in its yards at Dallas. His widow, appellee, Millie A. Wall, for herself and as next friend of her own and deceased's minor child, appellee Albert Delmer Wall, by her suit sought a recovery of damages against appellant, alleging that her husband's death was caused by its negligence in the operation of one of its trains. J. E. Wall and Sarah C. Wall, the father and mother of the deceased, intervened in the suit and also sought a recovery against appellant. A trial resulted in a verdict and judgment in favor of Millie A. Wall and against appellant for the sum of $6,000 —apportioned $4,000 thereof to her and the remaining $2,000 to her son, and in favor of appellant for costs as against the interveners.

"At the time he was killed deceased was about twenty-five years of age. He was a structural iron worker, and as such was employed by Harry Bros., a firm engaged in making steel and iron tanks, who,

it seems, were doing some work at the electric light plant, situated near and to the west of appellant's line of railway going north out of Dallas to Wichita Falls. On the same side of said line of railway, but 300 to 500 yards farther south, was the plant of the Dallas Brewery. From a point near the brewery going north past the electric light plant appellant's main track was straight and a little down-grade. Between the brewery and the light plant, and near the latter, was a crossing over appellant's line of railway used by the public. At the time the accident occurred the electric light people were constructing an addition to their plant, consisting of a building adjacent to and just south of their old building, and extending north and south near appellant's main track about 100 feet. For use in constructing this addition a lot of material, including steel, gravel and platforms, had been placed for some distance along the west side of appellant's main track and from two to five feet from it. East of appellant's main track and from twelve to fourteen feet from it was another track. The space between was surfaced up and furnished a good walkway. This space and the tracks on each side of it and the space west of the main track had been used for years by pedestrians having occasion to do so. In the vicinity of the light plant, about 150 feet east of the tracks, was a roundhouse for engines. On the occasion of the accident deceased and one Atherton had been to inspect some of the material placed south of the light plant and near to the outer rail of the main track. In returning from this inspection to the light plant Atherton and deceased, it seems, were walking between appellant's main track and the material placed along and near it, when deceased was struck by the pilot beam of an engine and killed. At the time he was so struck deceased was walking along behind Atherton, going north, with his back towards the engine which struck him, which was also going north. By an ordinance of the city of Dallas then in force it was unlawful to run an engine within its limits at a speed greater than seven miles an hour, and another ordinance then in force made it unlawful within the city limits to run an engine without ringing the bell all the time it was in motion. It was shown that the accident occurred within the city limits. It was also shown that at the time it struck deceased appellant's train was moving at the rate of from fifteen to twenty-five miles an hour. The evidence was conflicting as to whether the bell on the engine was ringing or not. It was sufficient to support the finding of the jury that it was not ringing, and we so find. The evidence, which will hereinafter be noted more in detail on this point, was also sufficient to support the finding of the jury that deceased was not guilty of negligence which proximately contributed to his death, and we so find."

We will add to the foregoing statement that there was no evidence produced to show whether Wall looked along the track for a train, or listened, but there was evidence that Atherton, who was in front of him, looked back down the track and saw no train; and, further, that the machinery in operation in the vicinity made so much noise that Wall probably could not have heard the ringing of the bell nor the sound of the whistle if, in fact, the bell had been rung and the

whistle sounded according to law. There was no evidence that it might have been safer to walk between the tracks than at the place where Wall was walking, except the character of the ground and the distance between the tracks. No witness made any statement with regard to whether it was safer to walk at the one place or the other.

At the trial the railroad company requested the court to give to the jury the following charge, which was refused: "If you find and believe from the evidence that Albert Wall, deceased, entered upon or near the track of defendant upon which the train was approaching, and that the position which he occupied was a position of danger, and if you further believe that said Albert Wall, deceased, could, by walking between the tracks of defendant, have been in a position of safety, and if you further believe that a person of ordinary prudence situated as the deceased was situated would have chosen the safe passage, then and in that event you will return a verdict for the defendant."

Under this charge, before the jury could have returned a verdict for the defendant, they must have found (1) that Wall was walking in a dangerous place when he was injured; (2) that there was a safe place conveniently near to him which he could have occupied, and (3) that he voluntarily chose to occupy the unsafe place. If it was true that the place at which Wall was walking when he received his injuries was unsafe, and that within a convenient distance there was a safe place at which he might have walked, and that he voluntarily chose to continue in the dangerous place, then his act constituted such negligence as would bar a recovery by his wife and children. Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63; Atchison, T. & S. F. Ry. Co. v. Schwindt, 72 Pac., 573; International & G. N. R. R. Co. v. Ploeger, 16 Texas Ct. Rep., 183; International & G. N. R. R. Co. v. Edwards, 100 Texas, 22.

The Honorable Court of Civil Appeals condemned the charge above quoted, because it did not contain the qualification that Wall's negligence in being at the dangerous place must have contributed to his injury. If Wall was walking in a dangerous place at the time that the train struck him it can not be questioned that his being at that place contributed to his injury. The question which would arise upon that state of facts would be, was he guilty of negligence in walking where he did. There was no issue as to whether the act of Wall contributed to his injury, therefore, it was unnecessary that the charge should submit that question to the jury.

We are of opinion that the testimony raised the issue which was embraced in the refused charge and that the defendant had a right to have that issue submitted to the jury. The District Court erred in refusing to give the charge, for which error the judgments of the District Court and Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*