## LANCASTER et al. v. HALL. (No. 9435.)

(Court of Civil Appeals of Texas. Dallas.
Nov. 14, 1925. Rehearing Denied
Dec. 12, 1925.)

**1. Appeal and error ☞731(1), 733—Assignments of error held too general.**

Assignment, attacking verdict and judgment as "contrary to and not supported by either the law or the facts," *held* too general, not distinctly specifying grounds of error with the definiteness required by rules 24, 25, and 26 of the Court of Civil Appeals.

**2. Carriers ☞316(7)—Showing to be made by mail clerk to recover for injuries while repairing catcher bar stated.**

Railway mail clerk, injured while repairing catcher bar on mail car of defendant's train, must, in order to establish a case against tne railway, not only show that catcher bar was in defective condition, due to defendant's negligence, but also that such negligence was proximate cause of injury.

**3. Carriers ☞305(3)—Defective catcher bar held not proximate cause of mail clerk's injury.**

Railway mail clerk, injured while making unauthorized attempt to repair defective catcher bar on mail car, defect being due to defendant railway's negligence, cannot recover, since his intervening act broke the sequence from the railway's negligence to the accident, and its negligence was therefore not the proximate cause of the injury.

**4. Appeal and error ☞1175(5)—When judgment will be rendered after reversal stated.**

On appeal, in a railway mail clerk's action against a railroad for injuries, after reversal, the case would not be remanded because of state of evidence, but judgment will be rendered for defendant, where it appears that plaintiff could not recover under any view of the case.

**5. Negligence ☞119(4)—Plaintiff confined to negligence pleaded.**

Plaintiff is limited to the acts of negligence specified in his petition.

**6. Negligence ☞121(1)—Presumption of unavoidable injury, if act is not dangerous.**

Injury sustained while doing an act which is not dangerous is presumed to be unavoidable or due to negligence of injured party (citing.4 Words and Phrases, Second Series, "Res Ipsa Loquitur").

**7. Negligence ☞2—Legal duty essential.**

"Negligence" is a failure to observe a legal duty, and when no duty exists, no legal liability can arise on account of negligence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

Appeal from District Court, Dallas County; Towne Young, Judge.

Action by George J. Hall against J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Gresham, Willis & Freeman, Paul McMahan, and A. S. Johnson, all of Dallas, for appellants.

W. H. Hall, of Dallas, for appellee.

LOONEY, J. Appellants, receivers of the Texas & Pacific Railway Company, have appealed from a judgment against them in favor of appellee for damages resulting from personal injuries.

At the time of his injury appellee was a mail clerk in the service of the United States government, and had been about 18 years. He was familiar with the duties of the position and the use to be made of the equipment furnished by appellants under contract with the government for taking on mail at nonstop stations.

On the occasion in question, as appellants' train approached the nonstop station of High, between Honey Grove and Paris, Tex., it became necessary for appellee to use the catcher bar appliance that was fastened to brackets or sockets on each side of the car door, extending across the opening of the door. He discovered that one end of the horizontal bar that extended across the door was out of the socket and was hanging down and, in this condition, could not be used for the purpose for which it was designed. Thereupon he attempted to replace the end of the bar in the socket from which it had been dislodged and, while thus engaged, his hand was caught between the end or shoulder of the bar and the side of the car or bracket and was mashed and injured.

The grounds of negligence relied on by appellee for recovery are: (1) That defendants failed to furnish him a reasonably safe place to work; (2) that they failed to furnish reasonably safe equipment with which to catch the mail; (3) that they negligently failed to inspect the car and equipment before it started on its trip; (4) that, if they did inspect said car they failed to ascertain the true condition of the car and its defective equipment; and (5) that, if they did actually discover the defective condition of the car and equipment, they failed to notify him of said defects in time to guard against the same; that each and all of the aforesaid negligent acts on the part of the defendants proximately contributed to cause the accident and injuries to plaintiff.

Appellants answered by a general demurrer, general denial, and further specifically pleaded: (1) That, if the catcher bar was defective, the defect was apparent and obvious and was known to the plaintiff before he attempted to fix it, the plaintiff being an

experienced mail coach operator; (2) that plaintiff, seeing the defective condition of the catcher bar, should have refused to use it, or even repair it, as it was not his duty to repair it and such act was beyond the scope of his employment, these facts making him guilty of negligence and estopping him to recover in this action; (3) that it was the plaintiff's duty to use ordinary care and not to handle an appliance which was patently defective, and which plaintiff knew was defective, and his failure to use ordinary care constituted contributory negligence on his part and proximately contributed to his injury; (4) that, in the event plaintiff was entitled to repair said catcher bar, he did not use ordinary care in handling it and in attempting to repair it, and that his injuries were caused by his failure to use ordinary care; that the injuries were the proximate result of his contributory negligence.

The jury, in answer to special issues submitted by the court, found that appellants negligently failed to furnish appellee, or the car in which he worked as mail clerk, reasonably safe equipment with which to catch and take on mail; that his injury was the direct and proximate result of such negligence; that he was not guilty of contributory negligence in or while replacing or adjusting the catcher bar; and that he was damaged as the result of the injury in the sum of $2,203.50, for which amount judgment was rendered in his favor.

Appellants in assignments of error fourth, fifth, sixth, seventh and eighth, attack the verdict of the jury and the judgment of the court rendered thereon as being contrary to and not supported by either the law or the facts.

[1] As the case will be disposed of on another assignment presented by appellants, we do not deem it necessary to consider the assignments just mentioned. In fact, it is our opinion that they could in no event be considered, for the reason that they are too general, and fail to distinctly specify the grounds of error relied on with the particularity and definiteness exacted by rules 24, 25, and 26 of this court.

If these assignments, however, were under consideration, we believe they should be overruled to this extent; that is, as we view the case, the verdict of the jury is sustained by the evidence, wherein they found that appellants negligently failed to furnish reasonably safe equipment for the mail car and that appellee sustained damage by reason of the injury to his hand in the sum found by the jury.

[2, 3] The question, in our opinion, that defeats appellee is presented in appellants' second assignment and propositions germane thereto, wherein complaint is made of the action of the trial court in refusing their request for an instructed verdict.

A careful examination of the record fails to disclose any evidence on which the jury could have based its finding that the negligence of appellants was the proximate cause of the injury. It was not enough for appellee to show that the catcher bar was in a defective condition due to the negligence of appellants, but, in addition, it was incumbent upon him to show that this negligence was the proximate cause of his injury.

The stock definition of "proximate cause" is given in M., K. & T. Ry. Co. v. Lyons (Tex. Civ. App.) 53 S. W. 96, as follows:

"The proximate cause of an event must be understood to be that which, in natural and continuous sequence unbroken by any new independent cause, produces that event and without which that event would not have occurred."

Appellee was not injured while using the defective appliance for the purpose for which it was designed, that is, for taking on mail at nonstop stations, but received the injury while making an unauthorized attempt to repair the defect. In this effort to repair the appliance, he stepped aside from his duties as mail clerk, in disregard not only of the instructions of appellants forbidding him to do so, but of similar instructions from the government as well, and was at the time a technical trespasser. Appellee, in the nature of things, would not have been injured by reason of the defective catcher bar, if he had not gone out of his way in an attempt to repair it. He could have reported the defect to some proper agent of appellants and refrained from its further use until repaired.

The "continuous sequence" necessary to constitute the negligence of appellants the proximate cause of the injury to appellee was broken in this instance by a new, independent cause; that is, the affirmative action of appellee attempting to repair the defective equipment. In doing this, he was not acting under compulsion of duty, but in obedience to his own volition and, at the time, was master of his own conduct.

The Supreme Court, in discussing the subject of proximate cause in T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 226, 38 S. W. 162, 164, said:

"The question always is, Was there an unbroken connection? Would the facts constitute a continuous succession of events so linked together as to make a natural hold, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application; but it is generally held that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. Railway Co. v. Kellogg, 94 U. S. 469 [24 L. Ed. 256] This is probably as accurate a statement of the

doctrine as can be given, and is substantially that generally laid down by the authorities."

Another apt illustration of the rule is given in T. & P. Ry. Co. v. Kelly (Tex. Civ. App.) 78 S. W. 372. In the Kelly Case the defendant's cars were obstructing a street and plaintiffs, husband and wife, attempted to drive around the end of the car to cross the track at a point where there was no thoroughfare, but, by reason of the darkness, a hole in the track was unobserved and the wife was thrown out and injured. It was held that, notwithstanding the negligence of the defendant in obstructing the street, that the same was not the proximate cause of the injuries, as the plaintiffs, when they undertook to cross at a point where defendant was not bound to keep the right of way safe for travel, did so at their own peril. In disposing of the matter, the court said:

"Because appellant may have been negligent in obstructing the street did not justify appellees in driving into a place with which they were unacquainted, upon the property of the railway company, where they had no right to be, and where the wrong in obstructing the street would not have justified them in going."

Also see Street on Personal Injuries (2d Ed.) p. 113; G. H. & S. A. Ry. Co. v. Chambers, 73 Tex. 296, 11 S. W. 279; I. & G. N. R. R. Co. v. Addison, 100 Tex. 241, 97 S. W. 1037, 8 L. R. A. (N. S.) 880.

The case will be reversed because the court erred in refusing appellants' request for an instructed verdict.

[4] We have debated somewhat whether the case should be remanded or rendered in view of the testimony of appellee, to the effect that, when he discovered the defective condition of the appliance, he knew exactly what had to be done, and proceeded to do it, but that the train was in motion, swaying back and forth, and that this motion of the car caused his hand, while he was engaged in replacing the end of the bar in the socket, to be caught, mashed and injured.

Appellee's testimony is not to the effect that the swaying motion of the car was unusual. In fact, on this point he testified that he had been running on that division of the road a long time and that it was not unusual for a train to sway; that it swayed considerably going and coming. The statute that controls our conduct at this juncture is article 1856 (1626) (1027), Rev. St. 1925, as follows:

"When the judgment or decree of the court below shall be reversed, the court shall 'proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

[5] In the fourth paragraph of appellee's petition it is alleged that on the occasion in question the train was traveling at a high and rapid rate of speed, and that the car in which he was riding, by reason of the unevenness of the roadbed or the speed of the train, was swaying back and forth or from side to side, rendering it difficult for him to adjust the defect in the catcher bar and finally causing his hand to be caught and mashed between the catcher bar and some part of the car.

However, in specifying the acts of negligence relied on for recovery as hereinbefore set out, he made no reference to either the condition of the roadbed or to the speed·or motion of the train. It follows, therefore, that a finding of negligence could not have been predicated on the evidence of appellee above mentioned, for the reason that, not having relied on the speed of the train or the swaying motion of the car as grounds of negligence, his right to recover will be confined to the acts of negligence specified. Dallas & Oak Cliff Elevated Ry. Co. v. Harvey (Tex. Civ. App.) 27 S. W. 423, 424; G. C. & S. F. Ry. Co. v. Scott (Tex. Civ. App.) 27 S. W. 827; Mo. Valley, etc., Co. v. Ballard, 53 Tex. Civ. App. 110, 116 S. W. 93, 98.

However, if appellee had specified as negligence the condition of the roadbed, the speed of the train, and the motion of the car, the result would be the same, because, while the testimony of appellee shows that his hand was caught and mashed by reason of the swaying motion of the car, he also testified that the motion of the train was not out of the ordinary, but that the swaying on this occasion was its usual and customary motion.

[6] Thus we are brought to this contemplation, that the operation undertaken by appellee of replacing the catcher bar in the socket while the train was in motion and the car swaying back and forth in the usual way was either dangerous or simple and free from danger. If it was dangerous for him to undertake the operation under the circumstances, it follows that, by voluntarily undertaking the same, he assumed the danger, and would thereby be barred from recovering. M., K. & T. Ry. Co. v. Wall, 102 Tex. 362, 116 S. W. 1140, 1141. If, on the other hand, the operation was a simple one and free from danger, it would be presumed that the injury to appellee was unavoidable or due to his own negligence. G., H. & S. A. Ry. Co. v. Garven, 50 Tex. Civ. App. 245, 109 S. W. 426; Bower Auto Rent Co. v. Young (Tex. Civ. App.) 274 S. W. 295; 4 Words and Phrases, Second Series, 314.

To make a case stronger for appellee, if he had presented a case to us relying on the condition of the roadbed, the speed of the train, and the swaying motion of the car, as actionable negligence, and if these allegations had been sustained by the evidence,

still appellee could not recover on those grounds, for the reason that appellants owed no duty to furnish him a safe place to do the kind and character of work at which he was engaged when injured.

[7] It is an elementary principle of the law that negligence is a failure to observe a legal duty and, when no duty exists, no legal liability can arise on account of negligence. This rule was stated in Sweeny v. Old Colony, etc., Ry. Co., 10 Allen (Mass.) 368, 87 Am. Dec. 644, by Chief Justice Bigelow as follows:

"In order to maintain an action for an injury to person or property by reason of negligence or want of due care, there must be shown to exist some obligation or duty towards the plaintiff, which the defendant has left undischarged or unfulfilled. This is the basis on which the cause of action rests. There can be no fault, or negligence, or breach of duty, where there is no act, or service, or contract, which a party is bound to perform or fulfill." 20 R. C. L. (subject, Negligence) p. 9, § 7.

The case seems to have been fully developed and nothing in the record suggests any reason why it should be remanded. Under our view of the law it would be impossible, by reconstructing the pleadings or supplementing the evidence, for appellee to make a case. This record presents another instance described by the Latin phrase, "damnum absque injuria."

The case is reversed and rendered for appellant.