**James R. ALEXANDER et al., Appellants,**

v.

**TEXAS AND NEW ORLEANS RAILROAD COMPANY, Appellee.**

No. 6401.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 28, 1961.

Rehearing Denied Oct. 30, 1961.

Carl Waldman, Bill Sanders, Beaumont, for appellants.

Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellee.

McNEILL, Justice.

Appellants James R. Alexander, Tommy Pasley and Joseph Palique instituted this suit in the district court of Jefferson County against appellee to recover for personal injuries alleged to have been sustained by them when a car in which they were riding, going southerly along Franklin Street in the City of Lake Charles, Louisiana, started across appellee's railroad crossing containing five parallel railroad tracks of the appellee running east and west, and struck the exposed rails of appellee's tracks, causing the parties to be thrown about in the car and injured. At the conclusion of appellants' testimony the court upon appellee's motion instructed a verdict against appellants and this appeal resulted.

The accident happened while it was still dark about 4 o'clock on the morning of July 28, 1954 as the car was being driven by appellant Alexander. Appellants were not familiar with the street and did not know that it turned at an angle of some 30° toward the east as it crossed the railroad tracks, and as they reached the crossing their vehicle continued straight on striking the exposed rails of the first of appellee's tracks.

After describing the accident generally in paragraph 3 of their petition, evidently as a basis for drawing certain grounds of negligence therefrom, paragraph 4 was as follows:

"4. Your plaintiffs further show unto the Court that had the railroad company placed a sign notifying oncoming traffic of the turn in the street in which your plaintiffs were traveling, that the incident in question would not have happened. That the defendant, Texas & New Orleans Railroad Company, was guilty of the following acts and omissions, to wit:

"(a) In failing to place a warning sign at the intersection of Franklin Street and the railroad tracks to warn

on-coming traffic that Franklin Street did not continue straight across the railroad tracks in a southerly direction.

"(b) In failing to have a flagman to notify the plaintiffs that the street upon which he was traveling did not continue across the railroad tracks in a southerly direction.

"(c) In failing to warn the plaintiffs that said Franklin Street was a dead-end street and did not continue across in a straight fashion.

"(d) In failing to have the roadbed at the end of Franklin Street between the railroad tracks in a reasonably safe condition.

"(e) In failing to have a barricade at the juncture of Franklin Street and the railroad tracks.

And that each and all of the above and foregoing facts, either of omission or commission, constituted negligence, amounted to negligence, and were each and all a proximate cause of the injuries and damages made the basis of this suit."

The evidence showed that there was no warning sign at the intersection of Franklin Street and the railroad tracks to warn motorists of the curve or turn in the street, nor did the appellee maintain a flagman therefor. It also showed that the exposed rails the car struck were more than 6 inches high and that the collision with the rails caused the parties to be thrown about, bruised and otherwise injured; that the width of the street on the crossing was some 25 feet. Appellant Pasley testified that there was only one railroad crossing sign as they approached the crossing, and this was the crossbuck situated some 35 to 40 feet west of the roadbed of the actual crossing; that this crossbuck was lined up with the telephone poles and other structures along the edge of the road or street and this, along with the fact that the crossing was not well defined and that it was about 6 feet above street level, together with the fact that

there was no warning sign that the street would turn, caused the witness to think the street extended straight over the railroad tracks. The witness further testified that the street blacktop paving ended some 85 feet from the nearest rail and gravel and dirt served for the approach and crossing; that as they neared the crossing, "everything appeared it was going to be a normal, just a crossing there." That since the crossbuck was about 30 feet west of the crossing, coupled with the fact that it was lined up with the blacktop section of the street and the telephone and utility poles as well as houses and buildings on Franklin Street just north of the crossing, the operator of the car was misled into believing and thinking that Franklin Street continued straight across the railroad tracks.

The driver of the car, Alexander, testified that he was driving about 30 or 35 miles per hour; that the car's headlights were on and that he saw the crossbuck as he approached the crossing; that the crossing appeared to be about 3 feet higher than the blacktop of the street. He stated that he saw the crossbuck after he ran off the end of the blacktop onto the gravel "and the way the sign was situated, there was all indication the road goes straight over the railroad tracks, but it didn't."

Appellant Joseph Palique testified: "A. Well, we were heading south on Franklin, and it looks like it would be a pretty nice street, houses all lined up even, that would indicate a straight thoroughfare there. And the first thing we knew we hit gravel and hit a hump down, and it was pitch dark, and we hit a hump down and then a sudden up, and before we knew it we had landed out on some tracks, there. The road jogged off to the left there, with no indication that the road jogged off at all. It just left us."

At the close of appellants' evidence the trial court granted the motion for instructed verdict. Appellants' brief contains six points of error urging, in effect, there was evidence raising issues of fact to be submitted to the jury as to the negligence of

appellee. The principal theme of their brief is that the evidence in the case raised the issues that the location of appellee's cross-buck variously estimated to be between 20 and 45 feet from the crossing caused a "delusion" that the street continued straight; and, second, that the appellee, by the location of its crossbuck, invited motorists to cross the railroad tracks at a place other than the actual crossing. Appellee urges that consideration should not be given these two points for the reason that appellants failed to plead as grounds of negligence that appellee's crossbuck caused an illusion that the street continued straight on across the tracks, nor that by its location motorists were invited to cross the tracks at a place other than the actual crossing.

 By reply brief appellants quote part of paragraph 3 of their petition as follows:

"the defendant railroad company had placed a sign or caused a sign to be placed there at the edge of the roadway, indicating to traffic traveling in a southerly direction on Franklin Street or in the same direction in which your plaintiffs were traveling, that Franklin Street continued in a straight road completely across the tracks owned and operated and maintained by the defendant, Texas & New Orleans Railroad Company."

If this language, or similar language, had been contained in a specification of negligence, appellants' point that it alleged a misleading illusion existed would have merit, but since neither the language quoted nor similar expression was contained in any specification of negligence as set forth in paragraph 4 of appellants' petition, we cannot recognize it as a ground of negligence upon which appellants can rely. An examination of paragraph 3 of the petition indicates that it was simply a summary of the accident and its cause, not purporting to set forth the grounds upon which appellants sought to hold appellee liable. Since appellants set out specifically the several grounds

of negligence in paragraph 4 of their petition, each of which was alleged to be a proximate cause of appellants' injuries, they thereby limited themselves to these specific grounds. Lancaster v. Hall, Tex.Civ.App., 277 S.W. 776. See, also, 29 Tex.Digest, Negligence, ☞119(4).

 However, we have conclued that the evidence raised an issue to go to the jury as to whether appellee was negligent in failing to place a warning sign at the intersection of Franklin Street and the railroad tracks to warn oncoming traffic that the street did not continue straight across the tracks in a southerly direction. By motions granted under Rule 184a, Texas Rules of Civil Procedure, we take judicial notice of applicable law of the State of Louisiana. In Lee v. Gulf, C. & S. F. Ry. Co., Tex.Civ. App., 157 S.W.2d 424, it is said to be a generally recognized rule that a railroad company owes the duty to maintain that part of a road or street lying within its right of way in a reasonably safe condition for the traveling public. This is the law of Louisiana. Wallace v. Louisiana & A. Ry. Co., La.App., 6 So.2d 63. As a corollary to this principle of law, a railroad company owes a duty to the traveling public to warn of an unsafe condition of the crossing, created or contributed to in part by virtue of its own acts. The testimony here shows circumstances tending to create an illusion to the driver of appellants' car that the crossing was one directly across the tracks and, if such illusion was created, it became the duty of the railroad company to exercise reasonable care to warn that such was not the case. We think our view is justified under the law of Louisiana as announced in Darby v. New Orleans T. & M. R. Co., 139 La. 213, 71 So. 490. In that case the crossing was defective, making the railway company liable. Since the direction a street shall take is within the sole control of the City, appellee could not straighten the street nor plan the roadbed across the railroad other than as the City approved. Neither does it appear that barricades could be safely constructed along and between its tracks because of its own

**358**

operations. The net result of this, therefore, would leave appellee open to the question of whether it owed a duty to give warning of the turn in the street so that the traveler, unaware of the turn, may avoid hitting the exposed rails. The testimony was sufficient to raise the issue whether appellee was negligent in failing to warn that the street turned as it crossed its tracks.

Our holding is not contrary to that of the Supreme Court in City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, 159 A.L.R. 125, relied upon by appellee. The facts there are easily distinguishable from those of the present case. In the Lee case the railroad built its line through a cut in the year 1894. Several years later an addition adjoining the railroad right of way was dedicated and 30th Street ran perpendicularly to the right of way of the railroad. This street was opened and graded except for the last 25 feet adjacent to the railroad right of way. A youngster delivering packages for a drug store at night on a bicycle was traveling along 30th Street thinking he was on another street, and ran off the end of the street over the embankment, falling some distance in the railroad cut onto the tracks, severely injuring himself and suit was brought in his behalf against both the City of Fort Worth and the railroad company. The Supreme Court held that since the railroad company had created the cut and built its roadway long previous to the opening of 30th Street that there was no duty upon the part of the railroad company to warn travelers or erect a barricade under the circumstances at the end of 30th Street. Such duty was held to be solely upon the City of Fort Worth. In the case at bar we cannot say which reached the area involved first, the City's street or the railroad company. The outstanding distinguishable quality, however, between the two cases is that in the Lee case there was no joint use of the *same* area as there was in the present case.

The judgment is reversed and the cause is remanded.