## LANCASTER et al. v. STILES et al. (No. 2632.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1922. Rehearing Denied Nov. 30, 1922.)

Railroads  ⊕⟶400(10)—Contributory negligence of pedestrian struck by motorcar held for jury.

In an action for the death of one walking on a passing track connecting with a main line track when he was struck by a motorcar racing with a passenger train, moving over the main line track after stopping at the depot, where there was no testimony that he looked back as the car approached, and no proof that he did not see the car standing at the depot when he went on the track, *held* that the question of contributory negligence was for the jury.

Appeal from District Court, Red River County; H. F. O'Neal, Judge.

Action by Rena Stiles and another against J. L. Lancaster and C. L. Wallace, Receivers Texas & Pacific Railway Company. Judgment for plaintiffs, and defendants appeal. Affirmed.

Head, Dillard, Smith, Maxey & Head and Cecil H. Smith, all of Sherman, and Geo. Thompson and R. S. Shapard, both of Dallas, for appellants.

Prentice Wilson and A. L. Robbins, both of Clarksville, for appellees.

WILLSON, C. J.   October 15, 1920, S. R. Stiles, while walking on one of the Texas & Pacific Railway Company's tracks at Detroit, was run over by a motorcar operated by appellants' section men, and so injured that he died a short time thereafter. The deceased was a widower. Appellees Rena Stiles and J. C. Stiles were his children. They brought this suit for damages on the theory that the death of S. R. Stiles was due to negligence of the section men operating the motorcar. It appeared from testimony heard at the trial that appellee J. C. Stiles was not entitled to recover anything of appellants. The judgment therefore provided that he should take nothing by the suit. From findings of a jury on special issues submitted to them it appear-

ed that appellee Rena Stiles was entitled to recover $3,600 of appellants, and the judgment was in her favor for that amount.

It is not pretended that the findings did not warrant the recovery awarded said appellee Rena Stiles. The contention is that the finding that S. R. Stiles was not guilty of contributory negligence was against the evidence, in that it conclusively appeared, it is asserted, that he was guilty of such negligence.

The accident occurred about 5 o'clock in the afternoon. It appeared from the testimony that the main line track of the Texas & Pacific Railway at Detroit ran east and west, and that the "passing track," 10 feet south thereof, ran parallel with said main line track from a point west of the depot to a point where it connected with the main line track about 1,500 feet east of the depot. Both tracks were commonly used by the public in going to points east of the depot. On the occasion of the accident one of appellants' passenger trains, after stopping at the depot, was moving east on the main line track, and the motorcar, which had been standing at a point opposite the depot before the passenger train began to move, was moving in the same direction on the passing track. The deceased, traveling from his home north of the tracks, had crossed over the main line track, and was walking east on the passing track. He was struck by the motorcar at a point about 80 feet east of a street crossing, about 375 feet east of the place where he entered upon appellants' right of way, about 1,300 feet east of the depot, and about 200 feet west of the place where the passing track connected with the main line track. At the time the motorcar struck the deceased it appeared to be racing with the train, and was moving at a speed of about 20 miles an hour. A passenger on the train saw deceased walking east on the passing track as the motorcar approached him, when it reached a point about 750 feet west of him, and another passenger saw the car when it had reached a point 300 or 450 feet west of him. Neither one of said passengers saw the deceased look back as he walked, and there was no testimony that he did look back during that time.

We do not think it appeared as a matter of law from the testimony referred to that deceased was guilty of contributory negligence. For anything to the contrary appearing in the record, the motorcar was not moving at the time he went upon the passing track; and for anything to the contrary so appearing, he may have looked at the time he went upon the track, and may have then seen the car standing still thereon. If he did, and the burden was on appellants to prove it if he did not, then we think it was for the jury to say whether he exercised proper care in walking on the track as he did. It seems to

us they might. very well have found that a reasonably prudent person, seeing the motorcar standing at the depot and knowing that it could not then pass to the main line track because of the passenger train thereon, might have concluded that it would remain where it was standing until the train cleared the switch and have acted as the deceased did. Railway Co. v. Reames, 63 Tex. Civ. App. 29, 132 S. W. 977; Railway Co. v. Longino,·54 Tex. Civ. App. 87, 118 S. W. 198; Railway Co. v. Gober (Tex. Civ. App.) 211 S. W. 305.

There is no error in the judgment, and it is affirmed.