PAYNE, Agent, v. ROBERTS et al.
(No. 2709.)

(Court of Civil Appeals of Texas. Texarkana. March 15, 1923. Rehearing Denied April 5, 1923.)

1. Railroads ⬤⟳400(10) — Contributory negligence of pedestrian near track held for the jury.

In an action for injuries to a pedestrian who was walking along a path near a passing track when she was struck by a passenger train which had moved from the main line track on which her husband saw it as it began to move, held, on the evidence, that the question of contributory negligence was for the jury.

2. Evidence ⬤⟳147 — Evidence as to signals held admissible on issues of negligence and contributory negligence.

In an action for injuries to a pedestrian who was using a path near a passing track when she was struck by a passenger train which had left the main line track, testimony that plaintiff did not hear the bell nor the whistle held admissible on the issues of negligence and contributory negligence.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Lulu Roberts and another against John Barton Payne, Agent. Judgment for plaintiffs, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Terry & Brown and Wynne & Wynne, all of Kaufman, for appellant.

Woods & Morrow, of Kaufman, and Ramey & Storey, of Tyler, for appellees.

WILLSON, C. J. About 8:30 o'clock of the night of October 14, 1919, appellee Mrs. Lulu Roberts was struck and seriously injured by a south-bound passenger train moving in the yards of the Texas & New Orleans Railroad Company at Kemp. On the theory that the injury she sustained was due to negligence on the part of persons in charge of the train, said appellee and her husband, the other appellee, brought this suit and recovered the judgment from which the appeal is prosecuted.

The jury found on special issues submitted to them that the employees operating the train were guilty of negligence charged against them, and that such negligence was a proximate cause of the injury to Mrs. Roberts. The validity of those findings is not questioned in any of the propositions in appellant's brief.

The jury found, further, that appellees were not guilty of contributory negligence charged against them. Appellant attacks the finding as erroneous because, he says, it was contrary to the evidence. He insists it conclusively appeared from the testimony that appellees were guilty of such negligence, and therefore that the trial court erred when he refused to instruct the jury peremptorily to find in his favor. We think it is only necessary to refer to the testimony relevant to the issue to show that the contention is without merit.

[1] It appeared that the tracks of the Texas & New Orleans Railroad Company ran north and south. The depot was on the east side of the main track and 25 or 30 feet north of Tenth street, which ran east and west. Appellees' home was at a point on or near Fifteenth street, a little west of south from the depot. On the night of the accident the regular south-bound passenger train from Dallas had stopped on the main line track at the depot to let off and take on passengers. Mrs. Roberts was a passenger on the train. Her husband met her when she alighted therefrom, and they at once started towards their home. They walked south along the east side of the train as it stood at the depot, to Tenth street. There they might have turned west on Tenth street, gone to Commerce street, and then south on Commerce, and in that way have reached their home without traveling any farther than they did the way they chose, and without incurring any risk from the train. They chose, instead, to go on south by the side of the main line track across Tenth street to a point about 126 feet from the depot, where the "passing track" (which ran from that point south parallel with and east of the main line track) connected with the main line track by means of a switch. After crossing over the switch stand, appellees walked on south along a path commonly used by the public, east of and very near to the passing track. Both of the appellees heard the train as it began to move, just after they crossed over the switch stand, and while they were walking along the path referred to. Mrs. Roberts did not then look back, but her husband did, and saw the train moving south on the main line track. Both of them took it for granted that the train would continue on south on the main line track, and neither of them thereafter paid any attention to it until it struck Mrs. Roberts, who was then at a point in the path about 163 feet east of the switch stand. The train took the passing track (instead of going on south on the main line track as appellees expected it to) to wait for the north-bound passenger train. Appellees were not in any way warned that it had moved from the main line to the passing track. The two trains should have met and

passed each other at Kaufman, a station west of Kemp, and did not because the north-bound train was running behind its schedule time.

Explaining why they chose to go the way they did, appellees stated that it was the general traveled way for people afoot (as they were) going from the depot to the vicinity of their home, and that it was the better way in wet weather like they were then having, because of the accumulation of water and mud in Tenth and Commerce streets. On the occasion in question they would have had to wade in water and mud accumulated there, they testified, had they gone to their home over said streets. Other facts established without dispute in the testimony, and which explain further why appellees chose the way they were traveling at the time of the accident, and why, having chosen it, they acted as they did on the occasion in question, were as follows: Appellees had resided nine or ten years at the place where they resided at the time of the accident, and had used the path as a way during all that time. They knew that the train on which Mrs. Roberts traveled was the only one in the yards at the time. They knew it should have met and passed the north-bound passenger train at Kaufman, a station west of Kemp, according to the schedule on which the trains then ran. They had never known those two trains to pass each other at Kemp, and they did not know on the occasion of the accident that they were to pass each other there. When they heard the train start, they expected it to go on south on the main line track as it had always done before that time. And they expected, they said, if it did not do that, but instead moved to the passing track, they would be warned thereof by the persons in charge of the train.

It is plain, we think, that a reasonably prudent person under the circumstances shown in the testimony referred to might have chosen the way appellees chose, and that such a person might very well have concluded, as appellees did when they heard the train moving, that it would go on south on the main line track as it always had done before that time, and have acted as appellees did on the occasion. There was nothing in the circumstances known to them which suggested that the train might take the passing track and not go on south and that they would incur risk from it if they undertook to travel the path. "To authorize the court to take the question [of negligence vel non] from the jury," said Judge Brown in Lee v. Ry. Co., 89 Tex. 583, 36 S. W. 63, "the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." Clearly, we think, the evidence in this case was not of that character. Ry Co. v. Longino, 54 Tex.

Civ. App. 87, 118 S. W. 198; Lumber Co. v. Thomas (Tex. Civ. App.) 147 S. W. 296; Ry. Co. v. Gober (Tex. Civ. App.) 211 S. W. 305; Ry. Co. v. Reames, 63 Tex. Civ. App. 29, 132 S. W. 977; Lancaster v. Stiles (Tex. Civ. App.) 245 S. W. 1035.

[2] Appellees as witnesses testified that they did not hear the bell rung nor the whistle of the engine blow from the time the train left the depot to the time of the accident. The testimony was not objected to at the time it was given, but later appellant presented to the court a motion in which he asked the court to instruct the jury not to consider it. Appellant insists that the action of the court in overruling the motion was error which requires a reversal of the judgment. We do not think so, and overrule the contention. The testimony was admissible, we think, on the issue submitted to the jury as to whether the employees in charge of the train were guilty of negligence in failing to warn Mrs. Roberts that the train had left the main line track and gone onto the passing track, and on the issue as to whether appellees were guilty of contributory negligence in failing to discover that the train had moved to the passing track.

The judgment is affirmed.